IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00048-ALM-CAN |
| v. | § | |
| | § | |
| EXPERIAN, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

On January 24, 2022, *pro se* Plaintiff Robert W. Johnson ("Plaintiff") filed a Complaint in the Eastern District of Texas [Dkt. 1]. On that same date, Plaintiff filed his Motion to Proceed *In Forma Pauperis* [Dkt. 2]. Upon review of the Motion, on February 16, 2022, the Court found that the Motion does not include a sworn affidavit nor a statement of assets, which is a requirement under 28 U.S.C. § 1915(a)(1) [Dkt. 5]. The Court ordered Plaintiff to either pay the requisite filing fee or file a complete application to proceed in forma pauperis no later than Wednesday, March 9, 2022, and the Clerk of Court mailed a copy of the applicable form along with the Order [Dkt. 5]. Plaintiff was expressly warned: "Failure to comply with this Order may result in the dismissal of this lawsuit." [Dkt. 5]. Plaintiff acknowledged receipt of the Court's Order [Dkt. 6]. To date, Plaintiff has failed to pay the filing fee or submit a complete motion to proceed *in forma pauperis*. It is Plaintiff's responsibility to pay the required filing fee. Plaintiff has failed to prosecute this case in compliance with the Court's Order. *See* FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion

of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Order requiring payment of the full filing fee or submission of a complete *in forma pauperis* request [Dkt. 3]. Plaintiff's failure prevents this action from proceeding. Thus, the present case should be dismissed. *See Porterfield v. Dietze*, No. 5:21CV29-RWS-CMC, 2021 WL 1992026, at *2 (E.D. Tex. Apr. 23, 2021) ("Plaintiff has failed to obey the March 9, 2021 Order of the Court. He has neither paid the filing fee nor filed an application for leave to proceed *in forma pauperis*. A district court may dismiss an action for failure to prosecute or to comply with any order of the court. The Court recommends Plaintiff's above-entitled and numbered cause of action be dismissed without prejudice.") (internal citations omitted), *report and recommendation adopted*, No. 5:21CV29-JRG-CMC, 2021 WL 1987528 (E.D. Tex. May 18, 2021); *Munoz v. Wenone, Inc.,* No. 3:21-CV-1049-L-BN, 2021 WL 4312635 (N.D. Tex. Aug. 17, 2021) (recommending dismissal under Rule 41 where plaintiff failed to pay filing fee); *Moore v. Tex. Workforce Comm'n*, No. DR-20-CV-046-AM, 2021 WL 2953689, *1 (W.D. Tex. Mar. 8, 2021) (after defendant moved to dismiss action, court directed payment of the filing fee and thereafter recommended dismissal for failure to pay same). Thus, the Court recommends that this case be dismissed without prejudice under Rule 41.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this 6th day of June, 2023.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE